IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30005 |
| ) | |
| JAMARR MOORE, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jamarr Moore's Amended Motion for Compassionate Release (d/e 45) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On August 17, 2017, Defendant pled guilty to possessing with the intent to distribute a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1), as charged in Count One of the Superseding Indictment. Defendant also pled guilty to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), as charged in Count Two of the Superseding

Indictment.

On December 11, 2017, the Court sentenced Defendant to 10 months' imprisonment on the drug count and 60 months' imprisonment on the firearm count, with the sentences to run consecutively. The Court also imposed a three-year term of supervised release on each count. The original Indictment and Count Three of the Superseding Indictment were dismissed at Defendant's sentencing.

On May 27, 2020, Defendant filed a pro se motion for compassionate release (d/e 42) pursuant to 18 U.S.C. § 3582(c)(1)(A). On June 1, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. The amended motion concedes that Defendant is 24 years old, does not suffer from health conditions that the Centers for Disease Control and Prevention (CDC) has identified as increasing the risk of serious complications from COVID-19, and is housed at a BOP facility, FCI Greenville, with no confirmed cases of COVID-19. Defendant nevertheless requests compassionate release based on the COVID-19 pandemic and his good behavior while incarcerated.

Defendant proposes to live with his mother if he is released from custody. The United States Probation Office, in a Memorandum (d/e 46) addressing Defendant's request for compassionate release, concludes that Defendant's mother's house appears to be a suitable residence for Defendant.

On June 4, 2020, the Government filed a response (d/e 47) opposing Defendant's request for compassionate release. The Government's opposition is based on points conceded in Defendant's amended motion—Defendant's age, lack of medical issues, and incarceration in a BOP facility with no confirmed cases of COVID-19. The Government also notes that Defendant has a history of possessing illegal firearms.

On June 12, 2020, Defendant filed a Reply to the Government's Response to Defendant's Amended Motion for Compassionate Release (d/e 48). In the reply, Defendant states that inmates at FCI Greenville had been notified that another inmate at the facility had tested positive for COVID-19.

Defendant is currently serving his sentence at FCI Greenville and has a projected release date of December 25, 2021. As of June 26, 2020, the Bureau of Prisons (BOP) reports that FCI Greenville

currently has one confirmed case of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 26, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP,

whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social

distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment. While FCI Greenville now has one confirmed case of COVID-19, there is no reason to believe that Defendant faces a significant risk of severe complications from COVID-19. Defendant is only 24 years old and has no health issues, let alone any health issues that increase the risk that COVID-19 poses. In addition, Defendant has a history of possessing firearms illegally. The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jamarr Moore's Amended Motion for Compassionate Release (d/e 45) and Defendant's pro se motion for compassionate release (d/e 42) are DENIED.

ENTER: June 26, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
